**FRANCIS v BARBERTON (city) et**

Ohio Appeals, 9th Dist, Summit Co

No 2919. Decided Jan 13, 1938

H. A. Waltz, Akron, and James Olds, Akron, for appellee.

Harold J. Eckroate, City Solicitor, Barberton, and Schwab & Hinton, Akron, for appellant.

**OPINION**

STEVENS, PJ.

The petition filed in this action named

the City of Barberton and the Erie Railroad Co. as joint defendants, and sought the recovery of damages for personal injuries alleged to have been sustained by the plaintiff below while riding as a passenger in an automobile, which collided with the center support of an overhead railroad bridge located on a public highway in the City of Barberton, Ohio.

As to the Erie Railroad Co., the action was predicated upon the claimed negligence in the construction and maintenance of a bridge over the tracks of said company, and as to the City of Barberton it was asserted that said city maintained a nuisance in the public highway by reason of the construction and maintenance of said bridge in its then condition.

At the conclusion of the opening statement before the trial court, upon motion duly made, the Erie Railroad Co. was dismissed as a party defendant, for the reason that there was no defect claimed or shown in the plans or construction of said bridge. The cause then proceeded to trial against the City of Barberton upon the sole claim that said bridge as maintained constituted a nuisance.

At the conclusion of the plaintiff's evidence and at the conslusion of all the evidence, the defendant city made a motion for a directed verdict in its favor—both of which motions were overruled.

The cause was submitted to a jury, which returnd a verdict in favor of the plaintiff. A motion for a new trial was duly filed by the defendant city, as was also a motion for judgment notwithstanding the verdict. The trial court sustained the motion for a new trial and overruled the defendant's motion for judgment notwithstanding the verdict. An appeal on questions of law brings before this court for consideration the propriety of the trial court's ruling upon the aforesaid motion of the defendant city for a directed verdict in its favor at the conclusion of all the evidence.

Sec 3714, GC, provides as follows:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

The grade separation under which the bridge in question was constructed was ac-

complished in pursuance of authorization by the Legislature of the State of Ohio—§8874, GC,—and the plans for the construction of said bridge were approved by the City of Barberton, the railroad company, and by the Court of Common Pleas of Summit County.

There is no liability in tort for common law negligence, upon the part of a municipality, where such municipality is acting in a governmental capacity.

Selden v City of Cuyahoga Falls, 132 Oh St 223, syllabus 2.

In the construction of the bridge in question, the municipality, was acting in a governmental capacity, and therefore its liability, if any, would of necessity be predicated upon the maintenance of a nuisance, and that alone.

City of Elyria v Meacham, 113 Oh St 138.
City of Mingo Junction v Sheline, Admrx., 130 Oh St 34, Syllabus 2.

The bridge in the instant case having been constructed by virtue of legislative authorization, cannot, under the authority of City of Mingo Junction v Sheline, Admrx., supra, at page 41, be said to be a public nuisance, for, as stated by the court in that case: "Certainly what the law sanctions cannot be said to be a public nuisance."

We have carefully read the entire record in this case, and have considered all of the questions presented. From our reading and consideration of the record, we are impelled to the unanimous conclusion, first, that reasonable minds cannot reasonably reach the conclusion that the maintenance of the bridge in question, in the condition and under the circumstances shown by this record, constituted a nuisance; second, that reasonable minds could not reasonably arrive at the conclusion that the proximate cause of the appellee's injuries was other than the sole negligence of the driver of the vehicle in which she was riding.

These conclusions necessarily require that the judgment of the trial court, overruling appellant's motion for a directed verdict at the conclusion of all the evidence, be reversed; and this court, proceeding now to render the judgment which the trial court should have rendered, orders that final judgment in favor of the appellant be entered, with exceptions to the appellee.

WASHBURN and DOYLE, JJ, concur in judgment.