OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Allen Freight Lines, Inc. et al., Appellees, v. Consolidated Rail Corporation et al., Appellants.

[Cite as Allen Freight Lines, Inc. v. Consol. Rail Corp. (1992),    Ohio St.3d    .]

Highways -- Railroad overpass crossing street within municipality -- R.C. 5577.05(D) creates no duty on municipality or railroad to alter existing structures or provide vertical clearance for maximum-height vehicles -- R.C. 5577.05, construed.

R.C. 5577.05(D) creates no duty in the state, a municipal corporation, county, township, or any railroad or other private corporation to alter existing structures or provide vertical clearance for maximum-height vehicles. Accordingly, that section excepts such entities from liability for failure to provide vertical clearance for maximum-height vehicles premised on R.C. 723.01, or theories of common-law nuisance and negligence.

(No. 91-512 -- Submitted February 12, 1992 -- Decided August 12, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No. 57835.

On January 21, 1986, an employee of appellee Allen Freight Lines, Inc. ("Allen Freight") attempted to drive a truck with a height of thirteen feet six inches under a railroad bridge with a clearance of twelve feet.  The truck was owned by Allen Freight and the bridge was owned by Consolidated Rail Corporation ("Conrail").  The city of Cleveland ("Cleveland") is responsible for the maintenance of the road surface below the bridge.

Allen Freight and its insurer and subrogee, appellee Great West Casualty Company ("Great West"), filed a complaint seeking compensation for damages to the truck.  The complaint alleged negligence and the maintenance of a nuisance by appellants Conrail and Cleveland in their failure to provide adequate clearance.  Appellees also alleged that the defendants had failed to provide warning of the low clearance.  The court of common pleas granted summary judgment in favor of Conrail and Cleveland.  The court of appeals affirmed the summary judgment in favor of Conrail on the issue of failure to warn.  It is

from the court of appeals' reversal of the remainder of the trial court's ruling that Conrail and Cleveland bring this appeal.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

McNeal, Schick, Archibald & Biro Co., L.P.A., and William M. Kovach, for appellees.

Gallagher, Sharp, Fulton & Norman and Robert H. Eddy, for appellant Consolidated Rail Corporation.

Danny R. Williams, Kathleen M. Sweeney and LuAnn A. Polito, for appellant city of Cleveland.

Moyer, C.J.    The first issue presented is whether R.C. 5577.05 absolves the appellants from a duty to provide clearance for maximum-height vehicles under the bridge.  R.C. 5577.05 states:

"No vehicle shall be operated upon the public highways, streets, bridges, and culverts within the state, whose dimensions exceed those specified in this section.

"***

"(C) No such vehicle shall have a height in excess of thirteen feet six inches, with or without load.

"***

"This section does not require the state, a municipal corporation, county, township, or any railroad or other private corporation to provide sufficient vertical clearance to permit the operation of such vehicle, or to make any changes in or about existing structures now crossing streets, roads, and other public thoroughfares in this state."

Appellees contend that despite R.C. 5577.05, both the city and the railroad had a duty to Allen Freight to provide adequate clearance.  Appellees' theories of liability are common-law negligence and nuisance as to Conrail, and nuisance as to Cleveland pursuant to R.C. 723.01.1  They contend that the nuisance was a qualified nuisance, as opposed to an absolute nuisance.  "[A] civil action based upon the maintenance of a qualified nuisance is essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm, ultimately resulting in injury.  The dangerous condition constitutes the nuisance.  The action for damages is predicated upon carelessly or negligently allowing such condition to exist."  Rothfuss v. Hamilton Masonic Temple Co. (1973), 34 Ohio St.2d 176, 180, 63 O.O.2d 270, 272, 297 N.E.2d 105, 109.  "In such case, of course, negligence must be averred and proven to warrant a recovery."  Taylor v. Cincinnati (1944), 143 Ohio St. 426, 441, 28 O.O. 369, 375, 55 N.E.2d 724, 731.  Accord Kubitz v. Sandusky (1964), 176 Ohio St. 445, 27 O.O.2d 422, 200 N.E.2d 322; Curtis v. Ohio State Univ. (1986), 29 Ohio App.3d 297, 29 OBR 363, 504 N.E.2d 1222.  The allegations of nuisance and negligence therefore merge, as the nuisance claims rely upon a finding of negligence.

Appellants maintain that as a matter of law there was no negligence, and therefore no nuisance, because no duty to provide clearance for Allen Freight's vehicle existed.  We agree.

The issue raised has not previously been addressed by this court, although several related cases are instructive. In Yackee v. Napoleon (1939), 135 Ohio St. 344, 14 O.O. 231, 21 N.E.2d 111, paragraph six of the syllabus, this court held that "[w]here an overhead railroad bridge *** originally met the reasonable requirements of travel over the street spanned by the bridge, but has since become insufficient in clearance above the street by reason of changed conditions in lawful modes of street travel, it is the duty of the railroad company to make such alterations in its bridge as become essential to so meet changed conditions as to permit such travel with reasonable safety." Yackee, however, was decided prior to the amendment in 1949 to G.C. 7248-2, the predecessor of R.C. 5577.05, that declared that the statute imposed no duty on a municipality or railroad to provide clearance for maximum-height vehicles. See 123 Ohio Laws 557, 558.

After this amendment, the Court of Appeals for Cuyahoga County decided a case identical in relevant facts to the one before us. In Brelo v. New York Central RR. Co. (1960), 112 Ohio App. 145, 150, 16 O.O.2d 63, 66, 168 N.E.2d 609, 612, the court held: "[R.C. 5577.05] was not intended to regulate the minimum clearances of overpasses, of railroads or otherwise, or to create by legislation a nuisance out of every bridge in Ohio where the clearance, although sufficient when built, did not provide sufficient clearance to accommodate vehicles coming within the amended extension of motor vehicle height limits. The last paragraph of the amendment settles this question." In its opinion the court also noted that "[t]here can be no doubt that the Legislature intended by this amendment [to R.C. 5577.05] to nullify the law of the case of Yackee ***. This purpose was clearly accomplished." Id. at 150, 16 O.O.2d at 65, 168 N.E.2d at 612.

This court similarly found that R.C. 5577.05 eliminated any duty to provide clearance for maximum-height vehicles: "We believe that Section 5577.05, Revised Code, does release a municipality from any obligation to provide vertical clearance for maximum size vehicles, and to the extent that the Yackee case stood for the proposition that a municipality had to provide clearance for maximum size vehicles it is no longer controlling." (Emphasis sic.) Robert Neff & Sons, Inc. v. Lancaster (1970), 21 Ohio St.2d 31, 36-37, 50 O.O.2d 80, 83, 254 N.E.2d 693, 696. In Neff, however, the court went on to say that "we are unable to find that the 1949 amendment to Section 7248-2, General Code (now Section 5577.05, Revised Code), abolishes completely the rule contained in the first paragraph of the syllabus of Yackee that the duty imposed upon a municipal corporation to keep its streets open, in repair and free from nuisance extends to conditions and structures above the surface of the street as well as upon the surface of the street." Id. at 37, 50 O.O.2d at 83, 254 N.E.2d at 697. The Neff court came to this conclusion because that case involved a limb overhanging the roadway. The stated concern in Neff was that such a limb "could reach down so far as to impede even ordinary vehicular traffic," as opposed to maximum-height traffic. Id. at 37, 5 O.O.2d at 83, 254 N.E.2d at 696.

Appellees have seized upon these statements in Neff as authority for arguing that under certain circumstances a

preexisting bridge can be a nuisance because it impedes maximum-height traffic.

Appellees may operate maximum-height vehicles only by virtue of R.C. 5577.05. That statute additionally states that municipalities and railroads need not provide clearance under existing structures for such vehicles. It does not define "reasonable clearance," but it does negate any duty to provide clearance for vehicles operating only by virtue of the statute. This fact was recognized in Neff and is the holding that is relevant to this case. What may have been a nuisance at common law no longer can be, according to this proper exercise of legislative authority. State ex rel. Brown v. Rockside Reclamation, Inc. (1976), 47 Ohio St.2d 76, 1 O.O.3d 46, 351 N.E.2d 448. "What the law sanctions cannot be held to be a public nuisance." Mingo Junction v. Sheline (1935), 130 Ohio St. 34, 3 O.O. 78, 196 N.E. 897, paragraph three of the syllabus; see, also, Toledo Disposal Co. v. State (1914), 89 Ohio St. 230, 106 N.E. 6; Francis v. Barberton (App. 1938), 28 Ohio Law Abs. 359.

R.C. 5577.05(D) creates no duty in the state, a municipal corporation, county, township, or any railroad or other private corporation to alter existing structures or provide vertical clearance for maximum-height vehicles. Accordingly, that section excepts such entities from liability for failure to provide vertical clearance for maximum-height vehicles premised on R.C. 723.01, or theories of common-law nuisance and negligence.

The second issue presented is whether the trial court properly granted summary judgment in favor of Cleveland on appellees' claim that the city failed to adequately warn of the twelve-foot clearance under the bridge. Evidence supporting the parties' positions was presented to the trial court in the form of affidavits and responses to interrogatories. The court of appeals reversed the trial court's judgment because in its view the evidence "did not affirmatively demonstrate that the proper signs were actually in place at the required locations."

The court of appeals, however, stopped short of providing a thorough analysis of the evidence presented to the trial court. Evidence provided by the city included requisitions for the posting of signs warning of the bridge's low clearance. Appellees assert that summary judgment should have been denied because the city did not put forth additional evidence demonstrating actual placement of the signs. More important, though, is the fact that the appellees provided no evidence in support of their claim that signs were not in place. "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

On this issue appellees submitted only responses to interrogatories from the president of Allen Freight stating the signs were not in place. There was no evidence from the driver of the truck. Because the president of Allen Freight had no knowledge of the signage, or lack thereof, these responses constituted nothing more than bare assertions and provided no evidence supporting appellees' position. To prevail at trial

on their claim for failure to warn, appellees were required to prove such failure and, therefore, bore the burden of producing evidence in support of their claim to overcome the city's motion for summary judgment.

For the foregoing reasons, we conclude that summary judgment was properly granted by the trial court.

The judgment of the court of appeals is reversed.

Judgment reversed.

Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

FOOTNOTE:

1   R.C. 723.01 stated:

"Municipal corporations shall have special power to regulate the use of streets.  The legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance."