Christine Plant ("Plant") tripped and fell on a walkway outside the Wayne County administration building. Plant sued the Board of County Commissioners ("County") for her injuries. On January 13, 2000, the Wayne County Court of Common Pleas granted summary judgment to the County. Plant appeals this judgment. We affirm.
 I.
On May 20, 1997, Plant fell while exiting the Wayne County administration building. She was walking down a walkway, located on the west side of the building, that extended from the door to the parking lot. Plant was on the right side of a walkway, holding onto the railing with her hand when her right ankle twisted and she fell.
On May 3, 1999, Plant filed a complaint against the County seeking damages for her injuries. The County moved for summary judgment asserting: 1) that the walkway presented an open and obvious danger and accordingly they owed no duty to Plant and 2) that the County was immune from Plant's suit under R.C. 2744.[1] Plant opposed the motion stating the County failed to maintain the walkway free of nuisance permitting Plant to sue the County under a statutory exception to the County's immunity.
On January 1, 2000, the trial court granted County's summary judgment without listing a specific basis for its judgment. Plant timely appealed to this court.
 II. Standard of Review
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. Appellate review of a lower court's entry of summary judgment is denovo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE WAYNE COUNTY ON THE QUESTION AS TO WHETHER WAYNE COUNTY OWED A DUTY TO PLAINTIFF-APPELLANT PLANT TO KEEP ITS SIDEWALK/WALKWAY AT ITS ADMINISTRATION BUILDING OPEN, IN REPAIR, AND [FREE] FROM NUISANCE, AND THE QUESTION OF BREACH THEREOF WHICH IS A JURY ISSUE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE WAYNE COUNTY ON THE QUESTION OF WHETHER PLAINTIFF-APPELLANT PLANT USED CARE REASONABLY PROPORTIONED TO THE DANGER LIKELY TO BE ENCOUNTERED BY HER IN USING THE PUBLIC SIDEWALK/WALKWAY BECAUSE SUCH FACTUAL QUESTION WAS FOR THE JURY.
In her first and second assignments of error, Plant contends that the trial court erred by granting the County's summary judgment motion. Therein she argues that the County is liable under R.C. 2744.02(B)(3) for failing to keep the walkway "open, in repair, and [free] from nuisance," and that such failure was the proximate cause of her injuries. Assuming for the sake of argument that R.C. 2744.02 (B)(3) is applicable we cannot conclude that Plant has demonstrated that a genuine issue of material fact exists so as to defeat the County's motion for summary judgment. Plant alleged a qualified nuisance because her complaint, her opposition to County's motion for summary judgment and her appeal stated that the County's construction and maintenance of the walkway created a nuisance.
A qualified nuisance is a lawful act "so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another." Metzger v. Penn., Ohio DetroitRd. Co. (1946), 146 Ohio St. 406, paragraph two of the syllabus. A qualified nuisance is premised upon negligence. To recover damages for a qualified nuisance, negligence must be averred and proven. Brown v.Scioto Cty. Bd. of County Commrs. (1993), 87 Ohio App.3d 704, 713-715;Allen Freight Lines, Inc. v. Consol. Rail Corp. (1992), 64 Ohio St.3d 274,276. Thus, the allegations of nuisance and negligence merge, as the nuisance claims rely upon a finding of negligence. Id.
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. Ohio Welding Products, Inc.
(1984), 15 Ohio St.3d 75, 76. In order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to her by the defendant. The evidence must be sufficient, when considered most favorably to the plaintiff, to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury and that the plaintiff was injured. See, Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394;Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 22-23.
The existence of a duty in a negligence action is a question of law for the court, and there is no express formula for determining whether a duty exists. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. See Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142; Feichtner, 95 Ohio App.3d at 394. When one fails to discharge an existing duty, there can be liability for negligence. Id.
The County moved for summary judgment asserting they owed no duty to Plant, a business invitee, because the railing and walkway were an open and obvious danger. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Plant was required to discover and protect herself from the risk presented by the railing and walkway. Id. County would only owe a duty if the defect was not discernible in the exercise of due care. Potts v. David L. Smith Construction Co. (1970),23 Ohio App.2d 144, 147. County supported its motion for summary judgment with photographs of the scene and portions of Plant's deposition to show Plant had a clear unobstructed view of the railing and walkway.
Under Dresher, the moving party is required to state the basis for his motion and then point to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," that support the motion. Dresher, 75 Ohio St.3d at 293. We find County stated a basis for its motion and pointed to evidence that the walkway was open and obvious.
Once the movant satisfies his burden, the nonmovant must then present or point out evidence that satisfies his reciprocal burden to demonstrate the existence of a material factual dispute. Id. Plant responded to County's motion for summary judgment by asserting that R.C. 2744 established a duty on the County to keep the walkway "free from nuisance." As we previously stated, Plant's claim asserted a qualified nuisance, which requires Plant aver and prove the elements of negligence. Plant focused on the reasonable care owed to a business invitee and failed to address whether the walkway was also an open and obvious danger.
Pursuant to Civ.R. 56(E), a nonmovant "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." If the nonmovant fails to satisfy his reciprocal burden, summary judgment, if appropriate, should be granted. Id.
We find that Plant failed to establish that a genuine issue of material fact existed regarding the open and obvious nature of the walkway and therefore the trial court did not err in granting summary judgment for the County.
The first assignment of error is overruled.
 IV.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLANT WAYNE COUNTY ON THE LEGAL ISSUE THAT PLAINTIFF-APPELLANT PLANT'S CAUSE OF ACTION WAS BARRED BY THE IMMUNITY GRANTED TO POLITICAL SUBDIVISIONS PURSUANT TO OHIO REVISED CODE SECTION 2744.
In her third assignment of error Plant argues that the County was not entitled to immunity under R.C. 2744 and therefore should not have received summary judgment. We disagree.
The determination as to whether a political subdivision is immune from suit is purely a question of law properly determined by a court prior to trial and preferably on a motion for summary judgment. Conley v.Shearer (1992), 64 Ohio St.3d 284, 292, quoting Donta v. Hooper (C.A.6, 1985), 774 F.2d 716, 719, certiorari denied (1987), 483 U.S. 1019,97 L.Ed.2d 760, and citing Roe v. Hamilton Cty. Dept. of Human Serv. (1988), 53 Ohio App.3d 120, 126.
R.C. 2744.02(A)(1) provides general immunity for political subdivisions (including counties under R.C. 2744.01(F)) in connection with their proprietary and governmental functions. R.C. 2744.02(B) then provides certain exceptions to this general blanket of political subdivision immunity. In particular, R.C. 2744.02(B)(3) provided at the time of this case that a political subdivision is liable for its failure to keep public sidewalks "open, in repair, and free from nuisance."
Having already found that Plant failed establish the elements of negligence and therefore the existence of a qualified nuisance we find Plant can not show that she falls under an exception listed in R.C.2744.02. Plant's third assignment of error is overruled.
 V.
Having overruled Plant's three assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 __________________________ BAIRD, Presiding Judge.
SLABY, J., WHITMORE, J. CONCUR
[1] A new version of this statute was enacted in 1996 as part of Am. Sub. H.B. 350. However, in State ex rel. Ohio Academy of Trial Lawyersv. Sheward (1999), 86 Ohio St.3d 451, the Ohio Supreme Court held that "Am. Sub. H.B. No. 350 the Tort Reform Act violates the one-subject provision of section 15(D), article II of the Ohio Constitution, and is unconstitutional in toto." Id. at paragraph three of the syllabus. It is well established that a decision of the Supreme Court of Ohio striking down a statute as unconstitutional is to be given retrospective application. Wendell v. AmeriTrust Co., N.A. (1994), 69 Ohio St.3d 74,77. Accordingly, we find that the statutory language in existence prior to the enaction of H.B. 350 is now controlling. Therefore, all statutory references will be to the pre-H.B. 350 version of the statutes, except where indicated.