[Cite as *Greeno v. Ohio Dept. of Transp.*, 2012-Ohio-5274.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID L. GREENO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2012-02291-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, David L. Greeno, filed this action against defendant, Ohio Department of Transportation ("ODOT"), contending that his 2000 Chevy S10 sustained suspension damage as the result of driving over the Scioto Bridge on U.S. 22 west of Circleville, Ohio for several weeks. Plaintiff seeks damages in the amount of $803.27 for suspension parts and labor. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that plaintiff knew the condition of the roadway in question but continued to use it, at his own risk. Defendant pointed out that it only received two complaints about the roadway in question, milemarker 17.01 on U.S. 22 in Pickaway County. Both complaints were from plaintiff. No other complaints were received within a six-month period even though the average daily traffic count was "between 9,920 and 10,610 vehicles." Defendant related this stretch of highways was inspected by ODOT's Pickaway County Manager who determined it was in acceptable condition. Defendant acknowledges that the condition of this highway was a reason for concern and a plan had been formulated to repair the

highway based on a planned time table. Finally, the defendant asserts that plaintiff was well aware of the condition of the roadway yet he drove back and forth utilizing the highway on a daily basis for weeks. Accordingly, defendant contends plaintiff assumed the risk of possible damage to his vehicle. Therefore, defendant argues plaintiff's claim should be denied.

{¶3} Plaintiff did not file a response.

{¶4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,488 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984). However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.*, 145 Ohio St. 198, 61 N.E. 2d 198 (1945), approved and followed.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation,* 49 Ohio App. 2d 335, 361 N.E. 2d 486 (10th Dist. 1976). However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford*, 112 Ohio App. 3d 189, 678 N.E. 2d 273 (10th Dist. 1996); *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App. 3d 723, 588 N.E. 2d 864 (10th Dist. 1990).

{¶6}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions alleged to have caused the accident. *McClellan v. ODOT*, 34 Ohio App. 3d 247, 517 N.E. 2d 1388 (10th Dist. 1986). Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.*, 31 Ohio Misc. 2d 1, 507 N.E. 2d 1179 (Ct. of Cl. 1986).

{¶7}   It is well established that "[t]he state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State ,*14 Ohio St. 3d 68, 70, 471 N.E. 2d 776 (1984); *Pottenger v. Ohio Dept. of Transp*, 10th Dist. No. 88AP-832(Dec. 7, 1989).  ODOT's decision as to when to repair a particular roadway, or how to best utilize its resources is clearly a policy decision of such nature.  The court concludes that ODOT is entitled to discretionary immunity for its decisions surrounding the repair of the roadway in question especially since ODOT's Pickaway County Manager determined the highway condition was acceptable.

{¶8}   Plaintiff has also presented a claim in which he appears to allege the disrepair of the roadway created a nuisance condition.  To constitute a nuisance, the thing or act complained of must either cause injury to the property of another, obstruct the reasonable use or enjoyment of such property, or cause physical discomfort to such person. *Dorrow v. Kendrick*, 30 Ohio Misc. 2d 40, 508 N.E. 2d 684 (Ct. of Cl. 1987).

{¶9}   "[A] civil action based upon the maintenance of a qualified nuisance is

essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm. ultimately resulting in injury. The dangerous condition constitutes the nuisance. The action for damages is predicated upon carelessly or negligently allowing such condition to exist." *Rothfuss v. Hamilton Masonic Temple Co.*, 34 Ohio St. 2d 176, 180, 297 N.E. 2d 104 (1973). Under a claim of qualified nuisance, the allegations of nuisance merge to become a negligence action. *Allen Freight Lines, Inc. v. Consol. Rail Corp.,* 64 Ohio St. 3d 274, 595 N.E. 2d 855 (1992). Plaintiff has failed to prove, by a preponderance of the evidence, that the roadway condition created a nuisance. Plaintiff has not submitted conclusive evidence to prove a negligent act or omission on the part of defendant caused the damage to his truck. *Hall v. Dept. of Transportation,* 99-12863-AD (2000). The evidence presented does not prove any nuisance condition existed.

{¶10} Furthermore, evidence presented by defendant reveals the roadway was inspected by ODOT's Pickaway County Manager who found the condition of the roadway acceptable.

{¶11} The common law of Ohio imposes a duty of reasonable care upon motorists that includes the responsibility to observe the environment in which one is driving. See e.g., *Hubner v. Sigall,* 47 Ohio App. 3d 15, 17, 546 N.E. 2d 1337 (10th Dist. 1988).

{¶12} Implied assumption of the risk, also known as secondary assumption of the risk, "is defined as a plaintiff's consent to or acquiescence in an appreciated, known, or obvious risk to plaintiff's safety." *Wolfe v. Bison Baseball, Inc.,* 10th Dist. No. 09AP-905, 2010-Ohio-1390, ¶19. "Implied assumption of risk does not relieve a defendant of

his duty to the plaintiff."  *Wolfe*, citing *Collier v. Northland Swim Club*, 35 Ohio App. 3d 35, 518 N.E. 2d 1226 (10th Dist. 1987), paragraph two of the syllabus.  However, because plaintiff knew of the danger involved and acquiesced to it, the plaintiff's claim may be barred.  *Anderson v. Ceccaddi*, 6 Ohio St. 3d 110, 3 N.E. 2d 780 (1983).

{¶13} Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.,* 97-10898-AD (1998); *Weininger v. Department of Transportation,* 99-10909-AD (1999); *Witherell v. Ohio Dept. of Transportation,* 2000-04758-AD (2000).  Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID L. GREENO

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

Case No. 2012-02291-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David L. Greeno                    Jerry Wray, Director
1140 Mill Road                     Department of Transportation
Circleville, Ohio 43113            1980 West Broad Street
                                   Columbus, Ohio 43223

DRB/laa
Filed 7/5/12
sent to S.C. Reporter 11/14/12