[Cite as *Alt v. Bauer*, 2019-Ohio-2731.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JANICE ALT,                              :          JUDGES:
                                         :          Hon. William B. Hoffman, P.J.
         Plaintiff - Appellant           :          Hon. Craig R. Baldwin, J.
                                         :          Hon. Earle E. Wise, J.
-vs-                                     :
                                         :
ROGER L. BAUER, ET AL.,                  :          Case No. 18CA123
                                         :
         Defendants - Appellees          :          O P I N I O N



CHARACTER OF PROCEEDING:                 Appeal from the Richland County
                                         Court of Common Pleas, Case No.
                                         2015CV1531



JUDGMENT:                                Afffirmed in part, Reversed  and
                                         Remanded in part



DATE OF JUDGMENT:                        July 2, 2019



APPEARANCES:

For Plaintiff-Appellant                  For Defendants-Appellees

J. JEFFREY HECK                          ANDREW J. BURTON
The Heck Law Offices, Ltd.               Renwick, Welsh & Burton LLC
One Marion Avenue, Suite 104             9 N. Mullberry Street
Mansfield, Ohio  44903                   Mansfield, Ohio 44902

*Baldwin, J.*

Plaintiff-appellant Janice Alt appeals from the October 25, 2017 Order of the Richland County Court of Common Pleas granting summary judgment in favor of defendants-appellees.

STATEMENT OF THE FACTS AND CASE

**{¶1}** Appellant is the owner of real properly located at 2953 Plymouth-Springmill Road in Shelby, Ohio. Appellees are neighbors. Appellant and appellees have lived on adjoining parcels for approximately twenty-two (22) years.

**{¶2}** According to appellant, on or about July 16, 2013, appellee Roger Bauer and another family member entered onto her property without her permission while carrying a can of spray paint, a piece of rebar, a metal detector and a sledge hammer. Appellant, in her affidavit, alleged that she told them repeatedly to get off of her property and that the property was hers, but appellee Roger Bauer claimed that it was his property and proceeded to pound the rebar into the ground and spray paint a large "X" with orange paint on the grass.

**{¶3}** On or about May 19, 2014, appellee Roger Bauer submitted an Application for Zoning Certificate to Craig Stover as the Jackson Township Zoning Inspector, for the construction of a six foot high fence at appellees' property. The application indicated that the fence was to consist of four sections as follows: 24 feet, 24 feet, 80 feet and 120 feet for a total of 248 feet. No sketch or plan of the proposed fence was attached to the application which was approved on May 21, 2014 by Stover. Several weeks later, the plan and sketch of the fence were delivered to the township. The fence was completed in June of 2014. It was 275 feet.

{¶4} The Richland County Regional Planning Commission Staff, in September of 2014, recommended revocation of the fence permit on the basis that it had been improperly filed and approved, among other reasons.

{¶5} In December of 2015, appellant filed a complaint against appellees, alleging nuisance and trespass. Appellant, in her complaint, sought injunctive relief and money damages. Appellant, in her complaint, alleged in support of her nuisance claim that the person who appellees submitted their application to for a fence permit was not the lawful Zoning Inspector of Jackson Township at the time and that appellees "knew or should have known" this; that the application was incomplete and improper and that appellees knew this, and that the fence was completed in a manner inconsistent with the application. Appellant further alleged in her complaint, in relevant part, as follows, at paragraphs 15-16:

{¶6} "Further, since the erection of the fencing, defendants have failed and refused to maintain the grass, noxious weeds and other plant materials along their fencing and between that fencing and plaintiff's property line. This grass, noxious weeds and other plant material are unsightly and have grown to the point that they violate provisions of the Ohio Revised Code and also constitutes a nuisance.

{¶7} Further, defendants have cemented in place a six foot (6′) high permanent post in the ground only 3 inches from the plaintiff's southern property line. Such post is not any portion of any fencing and violates known an (sic) existing Jackson Township setback regulations and requirements."

{¶8} In support of her trespass action, appellant alleged that, before the fence was constructed, appellees and their agents had entered onto her property without her

permission and remained thereon, refusing to leave despite being informed that they were improperly on her real property.

{¶9} On February 22, 2016, appellees filed an answer and counterclaims for trespass, nuisance and an injunction. In their counterclaims, they alleged that appellant and/or her agent trespassed on their property and removed their survey stakes, that appellant's chain link fence encroached on their property and that the portion of such fence not encroaching on their property was not in compliance with applicable zoning regulations, and that appellant's wooden fence was constructed in violation of applicable zoning regulations, and was either too close to appellees' property or encroaching on it and that appellant knew or should have known that construction and maintenance of the fences was in violation of the zoning regulations. Appellees sought both injunctive relief and damages.

{¶10} On March 7, 2016, appellees filed a Third Party Complaint against Richard Gorsuch, appellant's fiancé at all times complained of in the complaint and counterclaim, alleging trespass. On March 22, 2016, appellant filed a reply to the counterclaim and Gorsuch filed an answer to the Third Party Complaint.

{¶11} Thereafter, on August 14, 2017, appellees filed a Motion for Summary Judgment and a Notice of Dismissal of their counterclaim for nuisance pursuant to Civ.R. 41(A). Appellant and Gorsuch filed a memorandum in opposition to the Motion for Summary Judgment on September 18, 2017 and appellees filed a reply on October 2, 2017.

{¶12} Pursuant to an Order filed on October 25, 2017, the trial court granted appellees' Motion for Summary Judgment and dismissed the case with prejudice.

Appellant and Third Party Defendant Richard Gorsuch, on November 1, 2017, filed a Motion for Findings of Fact and Conclusions of Law. Via an Order filed on November 3, 2017, the trial court overruled the motion.

{¶13} Appellant filed a Notice of Appeal on November 22, 2017, appealing from the trial court's October 25, 2017 Order. On February 23, 2018, the trial court filed an Amended Order overruling Appellant's Motion or Findings of Fact and Conclusions of Law. On the same date, the trial court filed an Amended Order granting the Motion for Summary Judgment to add language stating that "There is no just cause for delay."

{¶14} Pursuant to an Opinion filed on October 19, 2018 in *Janice Alt v. Roger L. Bauer,* 5th Dist. Richland No. 17CA97, 2018 -Ohio- 4264, this Court dismissed the appeal for want of jurisdiction, finding that the order appealed from was not a final, appealable order.

{¶15} Appellees and Third-Party Plaintiffs, on November 21, 2018, filed a Notice of Dismissal pursuant to Civ.R. 41(A) of their remaining counterclaims and Third-Party Complaint.

{¶16} Appellant then appealed from the trial court's October 25, 2017 Order granting appellees'' Motion for Summary Judgment, raising the following assignment of error on appeal:

{¶17} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES."

I

{¶18} Appellant, in her sole assignment of error, argues that the trial court erred in granting summary judgment in favor of appellees.

{¶19} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said Civ.R. 56 was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 1996-Ohio-211, 663 N.E.2d 639:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶20} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶21} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13**:**

> It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in

*Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶22} Appellees, in the case sub judice, sought summary judgment on appellant's nuisance and trespass claims.

{¶23} The Tenth District Court of Appeals recently summarized the tort of "nuisance" in *Hamilton v. Hibbs L.L.C.*, 10th Dist. No. 11AP–1107, 2012–Ohio–4074:

A "nuisance" is a wrongful invasion of a legal right ord [sic] interest. *Banford v. Aldrich Chem. Co. Inc.*, 126 Ohio St.3d 210, 932 N.E.2d 313, 2010–Ohio–2470, ¶ 17. A plaintiff asserting a suit for nuisance may recover for a public nuisance, i.e., an unreasonable interference with a right common to the general public. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 768 N.E.2d 1136, 2002–Ohio–2480, ¶ 8; *Hurier v. Ohio Dept. of Transp.*, 10th Dist. No. 01AP1362, 2002–Ohio–4499, ¶ 9. Alternatively, such a plaintiff may recover for a private nuisance, i.e., the wrongful invasion of the use and enjoyment of property. *Beretta U.S.A. Corp.* at ¶ 8; *Arkes* v. Gregg, 10th Dist. No. 05AP–202, 2005–Ohio–6369, ¶ 43; see also *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 714, 622 N.E.2d 1153 (4th Dist.1993) (when a particular nuisance qualifies as both a public and private nuisance, a plaintiff "may recover either on the basis of the particular harm to her resulting from the public nuisance or on the basis of private nuisance"). * * *

A nuisance may be further categorized as either an absolute or qualified nuisance. The distinction between absolute and qualified nuisance depends on the conduct of the defendant. *Angerman v. Burick*, 9th Dist. No. 02CA0028, 2003–Ohio-1469, ¶ 10; *Hurier* at ¶ 10. "An absolute nuisance is based on either intentional conduct or an abnormally dangerous condition that cannot be maintained without injury to property, no matter what care is taken." *State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 780 N.E.2d 998, 2002–Ohio–6716, ¶ 59. On the other hand, a qualified nuisance is the

"negligent maintenance of a condition that creates an unreasonable risk of harm, ultimately resulting in injury." Id. * * *

An action for damages due to a qualified nuisance is premised on a defendant's negligence in allowing a dangerous or bothersome condition to exist. *Allen Freight Lines, Inc. v. Consol. Rail Corp.*, 64 Ohio St.3d 274, 275, 595 N.E.2d 855 (1992). Therefore, a plaintiff must aver and prove negligence in order to prevail. Id. at 276, 595 N.E.2d 855. To succeed on a claim for negligence, a plaintiff must establish that the defendant breached an applicable duty of care and that the breach proximately caused the plaintiff injury. *Safeco Ins. Co. of Am. v. White,* 122 Ohio St.3d 562, 913 N.E.2d 426, 2009–Ohio–3718, ¶ 36. The standard of care is that care a reasonable person would exercise in preventing or correcting the dangerous or bothersome condition. *Rothfuss v. Hamilton Masonic Temple Co.*, 34 Ohio St.2d 176, 180, 297 N.E.2d 105 (1973); *Kramer v. Angel's Path, LLC,* 174 Ohio App.3d 359, 882 N.E.2d 46, 2007–Ohio–7099, ¶ 23 (6th Dist.).

*Hamilton*, at ¶ 15–17, 297 N.E.2d 105.

{¶24} Appellant specifically maintains that appellee Roger Bauer clearly and intentionally failed to comply with the Jackson Township Zoning Regulations before constructing the fence and that, as a result of his intentional conduct, he created an absolute nuisance. Appellant contends that the application did not contain the required plot plan and sketch of the structure to be built and that the fence, as constructed, exceeded the dimensions of the fence contained on appellee's original

Application which had been approved by Craig Stover. Appellant also asserts that Craig Stover was no longer acting as the Zoning Inspector for Jackson Township and had no authority to approve appellee's Application. In short, appellant contends that the zoning permit obtained by appellees to build the fence was invalid and that the fence, therefore, constituted a nuisance per se.

**{¶25}**      R.C. 519.17 states as follows:

No person shall locate, erect, construct, reconstruct, enlarge, or structurally alter any building or structure within the territory included in a zoning resolution without obtaining a zoning certificate, if required under section 519.16 of the Revised Code, and no such zoning certificate shall be issued unless the plans for the proposed building or structure fully comply with the zoning regulations then in effect.

**{¶26}** Section 1200 of the Jackson Township Zoning Regulations, which is captioned Public Nuisance" states as follows**:**

Buildings erected, moved, razed, or converted, or any use of land or premises carried on in violation of any provision of this Resolution are declared to be a nuisance per se. Any building or land use activities considered possible violations of the provision of this Resolution, which are observed by any Township Official, shall be reported to the Zoning Inspector.

**{¶27}** We concur with appellee that:

As is very clear from reading the rest *of Section 1200 and the rest of Article XII, the Zoning Inspector alone is authorized by the Resolution to*

*investigate and enforce any zoning violations. The use of the phrase "nuisance per se" has no relevance to the law regarding nuisance claims between adjoining property owners and is a phrase used within the context of the Zoning Resolution because <u>possible</u> violations must first be investigated by the Zoning Inspector. Section 1200.1 directs the Zoning Inspector to inspect each alleged violation and to enforce the Zoning Resolution if the violation exists. <u>This section certainly cannot be relied upon as authority of one landowner to sue another for nuisance per se.</u> The Township Zoning Inspector alone is responsible for enforcing Section 1200 and has never found a zoning violation in this matter.*

**{¶28}** We note that Section 1200 is captioned. "Public Nuisance" and that such section has no relevance with respect to a private nuisance as is alleged here. Moreover, appellant does not allege that the fence encroaches on her land in any way or interferes with her enjoyment of her property as is required for a private nuisance.

**{¶29}** Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellee on appellant's nuisance claim.

**{¶30}** Appellant also alleges that the trial court erred in granting summary judgment in favor of appellee on her trespass claim. To prevail on a claim of civil trespass, appellant must establish that appellee "engaged in (1) an unauthorized intentional act and (2) entry upon land in the possession of another." *Henderson v. Glancy,* 9th Dist. Wayne No. 10CA0017, 2011–Ohio–1152, ¶ 6, quoting *DiPasquale v. Costas,* 186 Ohio App.3d 121, 2010–Ohio–832, 926 N.E.2d 682 ¶ 102.

**{¶31}** Appellant, in her complaint, alleged that "shortly before beginning the erection of the [fence]… defendants and their agents entered into and upon the real property of plaintiff without right, without permission  and remain (sic) thereon despite being notified that they were improperly on plaintiff's real property. Defendants'' actions and that of their agents in this regard constitute a trespass."  Appellant, in the affidavit attached to her memorandum in opposition to the Motion for Summary Judgment, further alleged, in relevant part, as follows:

**{¶32}**  "Prior to all of this, on or about July 16, 2013, defendant Roger Bauer and another family member (his brother-in-law) entered upon my property without permission. They carried a can of spray paint, a piece of rebar, a metal detector and a sledge hammer. I told defendant Roger Bauer and his brother-in-law repeatedly to get off my property and that the property was mines (sic).  Bauer responded by yelling at me "no, it's not.  It's my property!" Defendant Roger Bauer then proceeded to pound the rebar into the ground on my property and spray paint a large "X" with orange paint on the grass.  See photographs attached hereto as "Exhibits P and Q."  Defendant Bauer claims that he had a survey completed at that time but I have confirmed that, in fact, no such survey was completed until April 2014."

**{¶33}** We find that there is a genuine issue of material fact as to whether not appelless' actions constituted a trespass and that the trial court erred in granting summary judgment on appellant's trespass claim.

**{¶34}** Appellant's sole assignment of error is, therefore, overruled in part and sustained in part.

{¶35} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.