THE STATE OF OHIO, APPELLEE, *v.* SPRINGER, APPELLANT.

[Cite as *State v. Springer* (1992), 63 Ohio St.3d 167.]

(No. 91-391—Submitted January 15, 1992—Decided March 11, 1992.)

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Ronald W. Springman,* for appellee.

*Edward O. Keller,* for appellant.

*Randall M. Dana,* Public Defender, and *David C. Stebbins,* urging reversal for *amicus curiae,* Ohio Public Defender.

DOUGLAS, J.  The issue before us is whether the court of appeals erred in determining that the trial court had no authority to sentence appellant on Counts Two and Three of the indictment to terms of life imprisonment with parole eligibility after serving thirty full years of imprisonment.  For the reasons that follow, we find that the trial court had authority to sentence appellant to the terms of life imprisonment without a sentencing recommendation by the trial jury and, therefore, we reverse the judgment of the court of appeals.

The framers of Ohio's death-penalty statute clearly did not contemplate the possibility of a hung jury in the penalty phase of a capital murder trial as is convincingly demonstrated by the absence of a provision in the statute

governing the imposition of sentence under circumstances where, as in the case at bar, the trial jury is unable to unanimously recommend any sentence for the capital offense(s). Therefore, we are called upon today to establish the procedure governing the imposition of sentence under these circumstances.

R.C. 2929.03(C)(2) authorizes the imposition of one of three possible punishments for a defendant who has been found guilty of aggravated murder and one or more of the statutory aggravating circumstances in connection with the aggravated murder. The possible penalties authorized by R.C. 2929.03(C)(2) are death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment. R.C. 2929.02(C)(2) provides that the sentence to be imposed upon the offender is to be determined in accordance with the provisions of R.C. 2929.03(D) (absent a question concerning the age of the offender).

With regard to the determination of the appropriate sentence to be imposed upon a defendant who has been tried before a jury and is subject to a possible penalty authorized by R.C. 2929.03(C)(2), R.C. 2929.03(D)(2) [5] requires that the trial jury determine whether the aggravating circumstance(s) of which the offender was found guilty outweigh, beyond a reasonable doubt, any factor(s) present in mitigation. R.C. 2929.03(D)(2) provides that if the jury unanimously finds that the aggravating circumstance(s) outweigh any mitigating factor(s) beyond a reasonable doubt, the jury shall recommend that the offender be sentenced to death. Absent such a recommendation, the offender may not be sentenced to death. R.C. 2929.03(D)(2) *withholds* authorization

---

5. R.C. 2929.03(D)(2) provides:

"Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

"If the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment, the court shall impose the sentence recommended by the jury upon the offender. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section."

for the death penalty absent a unanimous death-penalty recommendation by the trial jury.

R.C. 2929.03(D)(2) also requires that if the jury is unable to unanimously recommend the sentence of death, the trial jury *shall* recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment. R.C. 2929.03(D)(2) provides that if the jury recommends one of the life imprisonment sentencing options, the trial court shall impose sentence in accordance with the jury's recommendation.

We believe that the requirement of Ohio's death penalty statute that a life sentence be recommended and imposed under circumstances where the penalty of death cannot be recommended or imposed represents a clear statement of policy that an offender be sentenced to a term of life imprisonment where the trial jury is unable to unanimously agree that the penalty of death is appropriate. Therefore, in our judgment, in cases where, as here, the jury becomes hopelessly deadlocked during its sentencing deliberations and is unable to unanimously recommend any sentence, including death, the penalty of death is clearly unauthorized and one of the two remaining (authorized) sentencing options must be imposed upon the offender by the trial court. To hold otherwise would be to permit one aberrant or rogue juror to frustrate the policy of the law by merely withholding his or her vote from an otherwise unanimous recommendation of life imprisonment in the hope that the defendant would be retried and that a future jury would unanimously recommend the penalty of death. It is our job to promote, not frustrate, the purposes of the law.

Accordingly, we hold that when a jury becomes irreconcilably deadlocked during its sentencing deliberations in the penalty phase of a capital murder trial and is unable to reach a unanimous verdict to recommend any sentence authorized by R.C. 2929.03(C)(2), the trial court is required to sentence the offender to life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment. The trial court in the case at bar complied with this requirement in sentencing appellant on Counts Two and Three of the indictment to terms of life imprisonment with parole eligibility after serving thirty full years of imprisonment.

Given our holding today, it is clear that the court of appeals erred in reversing appellant's two aggravated-murder convictions and in remanding the cause to the trial court for a new trial in which the state could once again seek imposition of the sentence of death on Counts Two and Three of the

indictment.[6]  The jury in this case decided (by its indecision) that the penalty of death is inappropriate and, as we have explained, the policy of Ohio's death-penalty statute requires that, under these circumstances, a sentence of life imprisonment be imposed upon the offender.  Where a jury is unable to choose between the two available life imprisonment sentencing options, it is incumbent upon the trial court to impose sentence without the benefit of a recommendation.

For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate appellant's conviction and sentence on Counts Two and Three of the indictment.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

6.  Furthermore, we note, in passing, that appellant's aggravated-murder convictions were never appealed to the court of appeals.