19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. HUEY, Petitioner-Appellant,
v.
Terry L. COLLINS, Warden, Respondent-Appellee.
 No. 93-4232.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio state prisoner, Kenneth L. Huey, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Huey complained that appellate counsel was ineffective because he did not raise as an issue the failure of trial counsel to object to the amendment of Huey's indictment at trial. Huey was indicted by the grand jury on the charge of aggravated murder, Ohio Rev.Code Sec. 2903.01, with a firearm specification. He was tried and found guilty of the lesser included offense of murder, Ohio Rev.Code Sec. 2903.02(A), with a firearm specification. State v. Springer, 586 N.E.2d 96, 97 (Ohio 1992) (murder is lesser included offense of aggravated murder). Huey argues that it was an error of constitutional magnitude to convict him of a crime for which he was not originally indicted because he was not given any notice of the offense of which he was convicted and that appellate counsel was constitutionally ineffective for not recognizing and raising the issue on appeal.
 
 
 3
 The case was submitted to a magistrate judge who recommended that Huey's petition be dismissed without further proceedings. The magistrate judge reasoned that trial counsel did not commit an error. Therefore, appellate counsel did not render ineffective assistance by not recognizing and bringing the error to the attention of the court. The district court adopted the magistrate judge's report and recommendation as the opinion of the court over Huey's objections. Upon review, we find no error.
 
 
 4
 To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order for counsel's performance to be deficient, counsel must make errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Huey was not rendered ineffective assistance of appellate counsel because no error, capable of being raised on appeal, occurred at trial.
 
 
 5
 Huey was not only given notice of the elements required to prove the offense of murder, he presented a defense to murder by offering evidence that the shooting of the victim was an accident. He was not denied the constitutionally required notification of the elements to be proved. Inasmuch as no error occurred at trial, appellate counsel did not err by failing to recognize and raise the issue on appeal. Therefore, Huey was not denied the effective assistance of counsel.
 
 
 6
 Accordingly, the district court order dismissing Huey's petition for a writ of habeas corpus is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.