Concerning the decision of the majority rendered upon the sixth assignment of error presented by appellant, Mark A. Brown, I must respectfully dissent.
In the case at bar, the record clearly shows that following approximately nine hours of deliberation during the penalty phase, the jury foreman notified the trial court that the jury had agreed on a recommendation on one charge but could not agree on a recommendation on the other. The trial court gave the Howard charge to the jury and sent them back for further deliberation. After nearly ten hours of additional deliberation, the jury returned and announced that they had reached verdicts on both charges. Upon polling the jury as to their individual verdicts, the trial court learned that one juror had compromised her verdict with that of the other jurors. Without further inquiry, the trial court recharged the jury and once again sent them back for additional deliberation. Thereafter, the jury returned with a unanimous verdict on both charges.
While remaining mindful of the litany of caselaw on the issue presented under this assignment of error, I find the situation faced by the jury and trial court during the penalty phase in this case particularly troubling.
In State v. Springer (1992), 63 Ohio St.3d 167, 170, the Ohio Supreme Court recognized that Ohio's death-penalty statutes do "* * *not contemplate the possibility of a hung jury in the penalty phase of a capital murder trial* * *." Hence, "When a jury becomes irreconcilably deadlocked during its sentencing deliberations * * * the trial court is required* * *" to impose an appropriate life sentence. Springer, supra, syllabus. In view of Springer and the particular events in this case, it is my opinion that the trial court erred in focusing its jury instruction on the Howard charge, as it should have told the jury to consider the life options or should have sentenced appellant itself.
Although no exact line can be drawn as to how long a jury must deliberate in the penalty phase before a trial court should instruct the jury to limit itself to the life sentence options or take the case away from the jury, the length of deliberations in this matter, coupled with one juror's compromised verdict, lends credence to the conclusion that the trial court should have either sentenced appellant itself or instructed the jury on the life sentence options.
It is apparent the trial court did not use appropriate caution, as it failed to investigate the compromised verdict of the lone juror. Furthermore, the trial court did not simply recite the Howard charge to the jury, but thereafter recharged them upon learning that a juror's verdict was compromised. This, in effect, served to coerce the minority juror to surrender her position.
Given the foregoing, I would find appellant's sixth assignment of error to be with merit and would accordingly have ruled that appellant receive a life sentence.