JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiffs-appellants, Mary Lou and Leonard Kratochvil (collectively referred to "appellants"), appeal from the order of the Cuyahoga County Common Pleas Court granting summary judgment in favor of appellees, Mayfield Board of Education (the "Board") and Velotta Paving Company, Inc. ("Velotta") in their slip and fall premises liability/negligence action. For the reasons set forth below, we affirm.
 {¶ 2} The facts of this case are largely undisputed. On November 4, 1998, Mary Lou was walking in the Millridge Elementary School ("Millridge") parking lot when she slipped and fell. At the time of the incident there was a light rain falling. Mary Lou claimed that she fractured her patella, requiring surgery. On November 2, 2000, appellants filed suit against the Board and Velotta. Appellants claimed that the Board negligently maintained, operated and controlled the parking lot and that Velotta negligently maintained, operated, controlled, repaired and inspected the parking lot. The Board answered the complaint and filed its cross-claim against Velotta.
 {¶ 3} On November 2, 2001, Velotta moved for summary judgment both on the complaint and cross-claim, and on April 15, 2002, the Board moved for summary judgment. Subsequently, on June 18, 2002, appellants filed their motion for partial summary judgment on the issue of liability. On August 20, 2002, the trial court ordered Velotta to respond to discovery; however, the trial court granted Velotta and the Board's motions for summary judgment before Velotta responded to the discovery requests.
 {¶ 4} Appellant submits three assignments of error for our review. As the first and second errors raise issues common in both law and fact, we review the interrelated errors together.
 {¶ 5} I. "The trial court committed reversible error in granting summary judgment in favor of defendant Velotta Paving Company in that genuine issues of fact existed as to whether Velotta created a hazardous condition or nuisance on property owned by defendant Mayfield Board of Education."
 {¶ 6} II. "The trial court committed reversible error in granting summary judgment in favor of defendant Mayfield Board of Education in that genuine issues of fact existed as to whether a hazardous condition or nuisance existed on its property."
 {¶ 7} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman
(1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 8} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See also, State ex. rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448.
 {¶ 9} The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex. rel Zimmerman v. Tompkins, supra.
 {¶ 10} In Velotta's motion for summary judgment, it admitted that it performed repair work on a portion of the school parking lot and that the work was completed in September, 1998, two months before Mary Lou's fall. Velotta argued that its contract with the Board to reseal the existing asphalt was drafted by the architectural firm of Doty 
Miller Architects, the agent of the Board. Velotta argued that it applied the seal coat per the specifications submitted to it by the architects and that the completed repair work was inspected and approved by the architects on behalf of the Board. Velotta argued that appellants failed to set forth any evidence that Velotta negligently performed the repair work.
 {¶ 11} Further, Velotta argued that the parking lot was resealed by another company in 1999, one year after the slip and fall. Velotta claimed that it did not have notice of the slip and fall until the lawsuit was filed against it in 2000. Thus, it was precluded from inspecting the repair work which had been covered.
 {¶ 12} In regard to appellants' premises liability claims, Velotta denied owning, occupying or controlling the parking lot and argued that there was no evidence that it did so. Attached to the motion for summary judgment is the affidavit of Velotta's secretary, Dominic Velotta. The affidavit states that Velotta completed the work according to the contract's specifications and that the work was inspected, approved and accepted by Doty Miller Architects, on behalf of Mayfield City School District.
 {¶ 13} In their brief in opposition to Velotta's motion for summary judgment, appellants relied on the depositions of a teacher at the school, Anastasia McCullough ("McCullough") and the assistant supervisor for building and grounds, Stephen Evans ("Evans"). Also attached to their brief are photographs which show that the area Velotta seal-coated is a different color than the other area of the parking lot.
 {¶ 14} McCullough testified that she could not recall if there was a noticeable difference in the slipperiness of the parking lot between the area Velotta repaired and other areas. She did state that she believed the parking lot was slippery and dangerous and that she had slipped on it but had not fallen. At the time she slipped, the parking lot was wet from rain. However, we note that it is not clear, from the portion of the deposition provided, whether McCullough slipped on the area repaired by Velotta or another area.
 {¶ 15} Evans testified that after Mary Lou's fall he learned of two other complaints that the parking lots in the district were slippery when wet. These complaints were not made regarding the Millridge school parking lot. Further, McCullough's complaint that the Millridge parking lot was slippery was made after Mary Lou's fall. In his layman's opinion, Evans testified that he believed the slipperiness was caused by failure to put enough sand in the seal-coat mixture.
 {¶ 16} In their brief in opposition, appellants argued that Velotta was responsible under the doctrine of res ipsa loquitur, citingHake v. Wiedemann Brewing Co. (1970), 23 Ohio St.3d 65, 66-67. Appellants claimed that the instrumentality causing the injury was under the exclusive management and control of Velotta, which permitted the inference that Velotta was negligent, citing Jennings Buick v.Cincinnati (1980), 63 Ohio St.3d 167, 170-171. Appellants claimed that Mary Lou's fall would not have normally occurred under ordinary circumstances.
 {¶ 17} In the Board's motion for summary judgment against appellants, it argued that it was entitled to sovereign immunity protection and that appellants failed to establish the existence of a physical defect upon its property in order to remove the immunity. The Board also argued that because there was no evidence, including expert testimony, that the parking lot was negligently repaired, neither Velotta or the Board could be held liable for Mary Lou's injuries.
 {¶ 18} The Board attached the deposition testimony of Mary Lou who stated that the area seal-coated by Velotta was shinier than the other area of the parking lot. Mary Lou stated that she knew the shinier surface could have been more slippery than the other area and that it could have been more slippery with the light rain. She described the parking lot as smooth, with no chuckholes or problems. She was very familiar with parking lot, having been there on a daily basis with her children who attended Millridge. Mary Lou stated that they did not hire an expert or look into the composition of the seal-coat and that she did not know what caused her to fall.
 {¶ 19} In their brief in opposition to the Board's motion for summary judgment, appellants argued that they proved the existence of the parking lot defect by the photographs; McCullough's testimony that the parking lot was slippery; Evan's testimony regarding complaints of slipperiness; and the testimony of Principle Thomas Doddridge ("Doddridge). Appellants also argued that the slippery condition constituted a nuisance.
 {¶ 20} Doddridge testified that Mary Lou's slip and fall was reported to him and that he went out to assist her. He stated that it was raining lightly, the pavement was wet and someone was holding an umbrella over her. Doddridge tested the parking lot and observed that it was "somewhat slippery" but that with his rubber soled shoes, he would not have slipped and fallen. Doddridge testified that, prior to Mary Lou's fall, McCullough and at least three other individuals, indicated that the newly resealed area was slippery when wet. He did not receive a report of any one falling other than Mary Lou. Doddridge stated that he did not believe the parking lot was a hazardous situation.
 {¶ 21} On appeal, the appellants admit that they have not provided an expert witness who states that at the time of Mary Lou's fall, the seal-coat mixture used by Velotta was either an improper type or improperly mixed. The appellants argue that Velotta failed to support its motion for summary judgment and that the doctrine of res ipsa loquitur applies, citing Hake v. Wiedemann Brewing Co. (1970) 23 Ohio St.3d 65. The appellants argue that Velotta had exclusive control of the parking lot at the time of the sealcoating and that after the work was performed there is evidence of a problem so as to create a hazardous condition.
 {¶ 22} In Hake, the Ohio Supreme Court stated:
 {¶ 23} "It is well established by earlier decisions of this court that res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff. (Citations omitted.) To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. (Citations omitted.)"
 {¶ 24} In Brown v. E. Ohio Gas Co. (Oct. 4, 2001) Cuyahoga App. No. 79003, this court stated "the doctrine of res ipsa loquitur does not relieve a plaintiff of his burden of presenting expert testimony on matters beyond the knowledge or experience possessed by lay persons. (Citations omitted)." Not only have the appellants failed to present expert testimony regarding the seal-coating mixture and repair work, they have failed to present evidence that the parking lot was under the exclusive management and control of Velotta. It is Velotta's contention that it did not own or manage the parking lot and that it followed the contract specifications of the Board's architects. Nor is there evidence that under ordinary circumstances the injury would not have occurred if ordinary care had been observed. There is evidence that the parking lot was slippery when wet; however, there is no evidence that this is out of the ordinary or due to the negligence of Velotta.
 {¶ 25} We find that appellants have failed to meet their burden of producing evidence or facts which show that there is a genuine triable issue with regard to the work performed by Velotta. Based on the deposition testimony, it appears that the seal-coated portion of the parking lot was slippery when wet. However, there is no evidence that Velotta improperly or negligently prepared the seal-coating or performed the repair work.
 {¶ 26} In regard to the Board, on appeal, the appellants admit that the Board is entitled to sovereign immunity under The Political Subdivision Tort Liability Act codified in R.C. Chapter 2744. However, appellants argue that R.C. 2744.02(B)(3) provides an exception to such immunity and that the Board is liable for injury caused by failure to keep the public grounds open, in good repair, and free from nuisance.
 {¶ 27} R.C. 2744.02(B)(3) provides:
 {¶ 28} "Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *."
 {¶ 29} In order for the Board to be subject to liability, the appellants must prove that the parking lot was not kept open, in repair, and free from nuisance. The Board argues that the appellants failed to establish that a defect existed on its property and that appellants failed to offer expert testimony of the alleged defect. Appellants argue that they are not required to provide expert testimony because the defect was within the comprehension of a layperson. See Lafferty v. Benge
(1971), 31 Ohio App.2d 235.
 {¶ 30} We are not persuaded that the seal-coat mixture and repair work specifications are within the common and ordinary knowledge of laypersons and find that expert testimony was necessary to prove a defect existed on the Board's property. The testimony that the pavement was slippery when wet, and shinier than other areas, does not amount to the establishment of a physical defect due to the negligence of either the Board or Velotta.
 {¶ 31} In regard to appellants' nuisance claims, this court set forth that "there are two types of nuisance: an absolute nuisance (nuisance per se) or as a qualified nuisance. Taylor v. Cincinnati
(1944), 143 Ohio St. 426, 28 Ohio Op. 369, 55 N.E.2d 724, paragraphs two and three of the syllabus. An absolute nuisance features a wrongful act that is either intentional or unlawful and strict liability attaches notwithstanding the absence of fault because of the hazards involved. A qualified nuisance involves a lawful act done carelessly or negligently so as to create a potential and unreasonable risk of harm which results in injury to another and hinges upon proof of negligence. See Cincinnativ. Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002 Ohio 2480,768 N.E.2d 1136, fn. 4." Morris v. State (Oct. 21, 2002), Cuyahoga App. No. 80839.
 {¶ 32} "A civil action based upon the maintenance of a qualified private nuisance is essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm ultimately resulting in injury." [Brown v. Scioto Cty. Bd.of Cmmrs. (1993), 87 Ohio App.3d 704, 715], citing Allen Freight Lines,Inc. v. Consol. Rail Corp. (1992), 64 Ohio St.3d 274, 275. In such a case, negligence must be proven to warrant recovery. [Brown] at 715."Hager v. Waste Techs. Ind. (June 27, 2002), Columbiana App. No. 2000-CO-45.
 {¶ 33} Thus, the appellants have the burden to establish the elements of negligence which are "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." Wallace v. Ohio DOC, 96 Ohio St.3d 266,2002-Ohio-5458, ¶ 12.
 {¶ 34} We find that appellants have failed to set forth a genuine issue of material fact exists with regard to the negligence of the Board. In the absence of any evidence that the parking lot was defective, there is no genuine issue of material fact and therefore, Velotta and the Board were entitled to judgment as a matter of law. Accordingly, appellant's first and second assignments of error are overruled. Appellant's third assignment of error is as follows:
 {¶ 35} III. "The trial court erred in granting summary judgment in favor of defendant Velotta Paving Company, because Velotta willfully ignored a court order compelling it to respond to discovery."
 {¶ 36} In this assignment of error, appellants argue that the trial court erred when it granted summary judgment to Velotta ten days after ordering Velotta to respond to discovery or face sanctions and prior to Velotta's response. However, appellants do not cite any legal authority on which they base their argument.
 {¶ 37} The record demonstrates that appellants failed to avail themselves of Civ.R. 56(F), which provides:
 {¶ 38} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 39} If the non-movant needs additional time to respond, he or she may seek a continuance pursuant to Civ.R. 56(F). See Benjamin v.Deffet Rentals, Inc. (1981), 66 Ohio St.2d 86, 92. In seeking a continuance under Civ.R. 56(F), the opposing party must present a factual basis why it cannot present facts essential to the opposition of the motion. Gates Mills Investment Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 169. If a party fails to seek a continuance under Civ.R. 56(F), the claim that the motion for summary judgment was ruled upon prematurely is not preserved. Stegawski v. Cleveland (1987),37 Ohio App.3d 78, 86.
 {¶ 40} We find support for this in Cornett v. State Farm Mut.Ins. Co., Montgomery App. No. 19103, 2002-Ohio-3562, ¶ 11, which held that "parties who find themselves in a position of having to respond to a motion for summary judgment before adequate discovery has been completed must seek their remedy through Civ.R. 56(F). A party who fails to seek such relief does not preserve his right to challenge the adequacy of discovery upon appeal." Cornett, citing, Security National Bank andTrust Co. v. Jones (July 6, 2001), Clark App. No. 2000-CA-59.
 {¶ 41} Accordingly, there is no indication that the trial court abused its discretion and we overrule appellant's third assignment of error.
Judgment affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., J., concur.