[Cite as *Wallace v. Ferguson*, 2012-Ohio-4839.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LOIS W. WALLACE                          :        JUDGES:
                                         :
                                         :        Hon. Patricia A. Delaney, P.J.
     Plaintiff-Appellant                 :        Hon. Sheila G. Farmer, J.
                                         :        Hon. John W. Wise, J.
-vs-                                     :
                                         :        Case No. 12-CA-5
CRAIG AND LISA FERGUSON                  :
                                         :
                                         :
     Defendants-Appellees                :        O P I N I O N


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County Municipal
                                  Court, Case No. 11-CVI-2381



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           October 15, 2012



APPEARANCES:

For Appellant:                          For Appellees:

L. JACKSON HENNIGER                     CHARLES M. ELSEA
150 N. Market St.                       109 N. Broad St., Suite 200
Logan, OH 43138                         P.O. Box 130
                                        Lancaster, OH 43130


*Delaney, P.J.*

{¶1} Plaintiff-Appellant Lois W. Wallace appeals the January 3, 2012 judgment entry of the Fairfield County Municipal Court approving and adopting the November 18, 2011 magistrate's decision. Defendants-Appellees are Craig and Lisa Ferguson.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellant Lois W. Wallace and Defendants-Appellees Craig and Lisa Ferguson are next-door neighbors in a residential neighborhood located in Pickerington, Ohio. Located on the property of the Fergusons are several full-grown cottonwood trees. Cottonwood trees are known to be messy trees, with falling branches and cotton-like seeds. A few cottonwood trees grow directly on the property line between Wallace and the Fergusons. The trees are very tall and the branches hang over Wallace's property. Wallace alleges the branches of the trees touch her roof and have caused damage to her skylight. She states the roots of the cottonwood trees have grown into her foundation, causing the basement walls to crack. She complains the cottony seeds that fall from the tree are so pervasive they prevent her from enjoying the outside of her property.

{¶3} Wallace and the Fergusons have had numerous disputes about the alleged damage the cottonwood trees caused to Wallace's property. Wallace asked the Fergusons to trim or cut down the cottonwood trees. The Fergusons declined to cut down the trees. Without the permission of the Fergusons, Wallace hired tree trimmers to cut down the cottonwood branches hanging over her property, but the tree trimmers also went onto the Fergusons's property to cut the trees. A deputy from the Fairfield County Sheriff's Department was contacted because of this incident.

{¶4} On August 23, 2011, Wallace filed a complaint against the Fergusons with the Small Claims Division of the Fairfield County Municipal Court. Wallace alleged in her complaint she suffered $1,927.00 in damages based on the damages to her property and the loss of use and enjoyment of her property due to the cottonwood trees.

{¶5} Wallace filed an amended complaint on September 6, 2011. In her amended complaint, she alleged damages of $2,627.00. Her damages included the costs of trimming two cottonwood trees, root grinding, trenching, repair of skylight, temporary skylight repair, removal of roots from drain tile, survey, and loss of use of upper level of house.

{¶6} The matter came on for a bench trial before the magistrate. Both parties appeared pro se. At the hearing, Wallace introduced a brief with attachments in support of her case. The magistrate accepted the brief and stated he would consider the brief in making his determination. The parties testified, as well as the Fairfield County Sheriff's Deputy called to the scene of the parties' dispute over tree trimming. There were multiple photographs of the property line, the cottonwood trees, and the cracks in Wallace's basement wall.

{¶7} On November 18, 2011, the magistrate issued findings of fact and conclusions of law. The magistrate found based on Wallace's brief and the evidence presented at the hearing, Wallace failed to prove by a preponderance of the evidence that Wallace suffered damages and if there were damages, Wallace failed to prove those damages were caused by the Fergusons.

{¶8} Wallace filed objections to the magistrate's decision.

{¶9}   On January 3, 2012, the trial court overruled Wallace's objections.  The trial court approved the decision of the magistrate and dismissed Wallace's complaint.

{¶10} It is from this decision Wallace now appeals.

## ASSIGNMENTS OF ERROR

{¶11} Wallace raises three Assignments of Error:

{¶12}  "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT APPELLANT LACKED CREDIBILITY.

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW THE PLAINTIFF-APPELLANT TO FULLY PRESENT HER CASE AND THE CONTENTS OF HER BRIEF.

{¶14} "III. THE TRIAL COURT'S FINDING THAT PLAINTIFF-APPELLANT FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THE DAMAGES TO HER PROPERTY AND THE CAUSE OF THOSE DAMAGES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ANALYSIS

*I. and III.*

{¶15} We consider Wallace's first and third Assignments of Error together because the standard of review is interrelated.  Wallace argues in her first Assignment of Error that the trial court erred when it found Wallace was not credible.  She argues in her third Assignment of Error the trial court's conclusion that Wallace failed to prove her case was against the manifest weight of the evidence.

{¶16} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Ohio Supreme Court recently clarified the standard of review appellate courts

should apply when assessing the manifest weight of the evidence in a civil case. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley*, at ¶ 17-19. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Eastley*, at ¶ 20 quoting *Twearson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist. 2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist No. 2011CA00262, 2012-Ohio-3549 citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶17} While we utilize the manifest weight of the evidence standard of review to consider the trial court's judgment, we remain cognizant of the trial court judge's role as the fact finder. In a bench trial, it remains that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶18} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley*, at ¶ 19. In her complaint, Wallace

alleged real property damage, private nuisance, and loss of enjoyment of use of property.

{¶19} The Tenth District Court of Appeals recently summarized the tort of "nuisance" in *Hamilton v. Hibbs L.L.C.*, 10th Dist. No. 11AP-1107, 2012-Ohio-4074:

A "nuisance" is a wrongful invasion of a legal right ord [sic] interest. *Banford v. Aldrich Chem. Co. Inc.,* 126 Ohio St.3d 210, 2010–Ohio–2470, ¶ 17. A plaintiff asserting a suit for nuisance may recover for a public nuisance, i.e., an unreasonable interference with a right common to the general public. *Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002–Ohio–2480, ¶ 8; *Hurier v. Ohio Dept. of Transp.,* 10th Dist. No. 01AP1362, 2002–Ohio–4499, ¶ 9. Alternatively, such a plaintiff may recover for a private nuisance, i.e., the wrongful invasion of the use and enjoyment of property. *Beretta U.S.A. Corp.* at ¶ 8; *Arkes v. Gregg,* 10th Dist. No. 05AP–202, 2005–Ohio–6369, ¶ 43; *see also Brown v. Cty. Commrs. of Scioto Cty.,* 87 Ohio App.3d 704, 714 (4th Dist.1993) (when a particular nuisance qualifies as both a public and private nuisance, a plaintiff "may recover either on the basis of the particular harm to her resulting from the public nuisance or on the basis of private nuisance"). * * *

A nuisance may be further categorized as either an absolute or qualified nuisance. The distinction between absolute and qualified nuisance depends on the conduct of the defendant. *Angerman v. Burick,* 9th Dist. No. 02CA0028, 2003–Ohio1469, ¶ 10; *Hurier* at ¶ 10. "An

absolute nuisance is based on either intentional conduct or an abnormally dangerous condition that cannot be maintained without injury to property, no matter what care is taken." *State ex rel. R.T.G., Inc. v. State,* 98 Ohio St.3d 1, 2002–Ohio–6716, ¶ 59. On the other hand, a qualified nuisance is the "negligent maintenance of a condition that creates an unreasonable risk of harm, ultimately resulting in injury." *Id.* * * *

An action for damages due to a qualified nuisance is premised on a defendant's negligence in allowing a dangerous or bothersome condition to exist. *Allen Freight Lines, Inc. v. Consol. Rail Corp.,* 64 Ohio St.3d 274, 275 (1992). Therefore, a plaintiff must aver and prove negligence in order to prevail. *Id.* at 276. To succeed on a claim for negligence, a plaintiff must establish that the defendant breached an applicable duty of care and that the breach proximately caused the plaintiff injury. *Safeco Ins. Co. of Am. v. White,* 122 Ohio St.3d 562, 2009–Ohio–3718, ¶ 36. The standard of care is that care a reasonable person would exercise in preventing or correcting the dangerous or bothersome condition. *Rothfuss v. Hamilton Masonic Temple Co.,* 34 Ohio St.2d 176, 180 (1973); *Kramer v. Angel's Path, L.L.C.,* 174 Ohio App.3d 359, 2007–Ohio–7099, ¶ 23 (6th Dist.).

*Hamilton*, at ¶ 15-17.

{¶20} Upon our review of the transcript, photographs, and documentary evidence, we cannot find the trial court clearly lost its way and created a manifest

miscarriage of justice in ruling against Wallace. In order to prevail on her claim for nuisance, Wallace must show the Fergusons' negligence. Wallace did not meet her burden to demonstrate it was the Fergusons' cottonwood trees that cause the alleged damage to her home. There are cottonwood trees on the Fergusons' property. The Fergusons testified there are also large locust trees on Wallace's property that are near Wallace's home. The photographic evidence supports this. There was no evidence that the damage to the skylight or crack in the basement wall was caused by the cottonwood trees.

{¶21} As the fact finder, it is within the trial court's purview to rule on the credibility of the witnesses. The magistrate's decision found Wallace's credibility as to the evidence of nuisance to be "questionable" based on the caustic interactions between the parties. At one point, Wallace posted a sign on her property with an arrow pointing to "Lois's Yard" and an arrow pointing to the Fergusons' yard labeled "Idiots Yard."

{¶22} Based on our review, we find the decision of the trial court to grant judgment in favor of the Fergusons and to dismiss Wallace's complaint was supported by the manifest weight of the evidence.

{¶23} Our decision to overrule Wallace's first and third Assignments of Error remains the same when reviewing the matter under an abuse of discretion standard. When reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine whether the trial court abused its discretion in reaching its decision. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996). An abuse of discretion is defined as "more than an error of law or

judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

{¶24} Upon review of the record, we find no error in the trial court's adoption of the magistrate's decision.

{¶25} Wallace's first and third Assignments of Error are overruled.

*II.*

{¶26} Wallace argues in her second Assignment of Error the trial court abused its discretion in failing to allow Wallace to argue the contents of her brief presented to the magistrate at the small claims hearing. We disagree.

{¶27} At the hearing, Wallace introduced to the trial court her written brief she intended to present at the hearing. The magistrate accepted the brief and stated he would read the brief in addition to considering the evidence presented at the hearing. (T. 36.) The magistrate stated he would allow Wallace to present additional evidence at the hearing. (T. 47.) The magistrate assured Wallace he was going to read the entire record before rendering his decision. (T. 51.)

{¶28} The record demonstrates Wallace was able to fully argue her case. The magistrate explicitly stated he would consider all the evidence presented in the complaint, brief, and testimony before rendering his decision.

{¶29} Wallace's second Assignment of Error is overruled.

**CONCLUSION**

{¶30} The three Assignments of Error raised by Plaintiff-Appellant Lois W. Wallace are overruled.

{¶31} The judgment of the Fairfield County Municipal Court is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LOIS W. WALLACE | : | |
| Plaintiff - Appellant | : | JUDGMENT ENTRY |
| -vs- | : | |
| CRAIG AND LISA FERGUSON | : | Case No.   12-CA-5 |
| Defendants-Appellees | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE