[Cite as *Glenn v. White Oak Automotive, L.L.C.*, 2026-Ohio-572.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Asia Glenn, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-473 |
| v. | : | (M.C. No. 2024 CVI 042394) |
| White Oak Automotive, LLC et al., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 19, 2026

**On brief:** *Asia Glenn,* pro se.

**On brief:** *Kidd & Urling, LLC*, and *James P. Urling*, for appellee.

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Asia Glenn, appeals the May 23, 2025 decision of the Franklin County Municipal Court overruling her objections to the decision of the magistrate, granting judgment to the defendant-appellee, White Oak Automotive, LLC ("White Oak"), and dismissing her complaint following a trial to the court. For all the following reasons, we overrule Ms. Glenn's four assigned errors and affirm the judgment of the trial court.

{¶ 2} Ms. Glenn filed her complaint in the small claims division of the court, demanding a judgment of $2,000 plus costs and interest and asserting that White Oak had violated the revised code and the administrative code by failing to repair the air conditioning on her automobile as promised, by replacing only part of the air conditioner, and by damaging other parts on her car "in an attempt to obtain more business." (Compl. at 1-2.)

{¶ 3} Following numerous unsuccessful attempts to resolve the dispute, the small claims magistrate held a trial on Ms. Glenn's claims on January 28, 2025. Testimony and evidence were received from Ms. Glenn and from Mr. John Greve, the owner of White Oak. Following trial, the magistrate issued a decision in favor of White Oak, with findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

1. Plaintiff, Asia Glenn took her 2008 Acura TSX to the Car Doctors owned by the Defendant White Oak Automotive LLC on April 17, 2024, to have her air conditioner repaired.

2. The Defendant performed a diagnostic test and recommended to remove and replace the a/c compressor among other things. (Plaintiff's Exhibit 1).

3. On April 18, 2024, Ms. Glenn had the Defendant repair the a/c compressor and advised her oil pan was damaged and the engine ground wire needed replaced. (Plaintiff's Exhibit 6).

4. Ms. Gleen [sic] picked up her vehicle and was not provided any warranty information. The warranty is only outlined on the website, not posted nor contained on the receipt.

### CONCLUSION OF LAW

Plaintiff seeks to recover the cost to repair her oil pan, engine ground wire and serpentine belt. The Defendant denies causing damage to Plaintiff's vehicle.

It is a fundamental principle of law that the party alleging facts has the burden of proving those allegations. *Ohio Fuel Supply Co. v. Shilling*, 101 Ohio St. 106, 127 N.E. 873 (1920), *Schaffer v. Donegan*, 66 Ohio App.3d 528, 585 N.E.2d 854 (1990). That proof must be by a preponderance of the evidence. In re: [sic] *Walker*[,] 161 Ohio St. 564, 120 N.E.2d 432 (1954). It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 788 N.E.2d 1088 (2003) citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). A plaintiff in a negligence action must prove by a preponderance of the evidence not only that the defendant was negligent but also that defendant's negligence was a direct or proximate cause of plaintiff's injuries. *Gedra v. Delimer Co.*, 153 Ohio St.

258, 266, 91 N.E.d2d [sic] 256 (1950). Ms. Glenn did not provide any evidence or testimony to show that the Defendant caused the damage to Ms. Glenn's vehicle. The ground wire looks to be frayed. [It is u]nclear as to whether this wire was original to the vehicle or when it had been replaced last.

After reviewing the exhibits and evaluating the credibility of the witnesses, this Magistrate finds that the Plaintiff has failed to prove her case by a preponderance of the evidence.

(Mar. 17, 2025 Mag.'s Decision at 1-2.)

{¶ 4} Ms. Glenn filed an objection to the magistrate's decision, arguing that the magistrate improperly relied on Mr. John Greve's "inadmissible" testimony, which she described as "hearsay and speculation." (Obj. to the Mag.'s Decision at 1.) She also argued that the mechanics who worked on her car should have been required to testify, *id.* at 2, that the repair of her air conditioner had been done in "an inadequate and unskilled manner," *id.* at 3, that the magistrate had "omitted several key facts and ignored key evidence" regarding inspections of the vehicle, photos, and text messages between Ms. Glenn and White Oak. *Id.* at 4. She argued that the evidence showed that "[t]he serpentine belt, engine ground wire, and oil pan worked fine before going," *id.* at 4, to the White Oak repair shop, and that because "these parts are near each other" and near the air conditioner's compressor it "is possible that [the White Oak mechanic] damaged them as he was working on the compressor." *Id.* at 6. On May 23, 2025, the trial court reviewed Glenn's objection, the transcript of the trial, the exhibits, and the rest of the record, and concluded "the Court does not find the Plaintiff's Objection well taken and OVERRULES the Objection." (Emphasis in original.) (May 23, 2025 Entry.)

{¶ 5} This appeal followed, and Ms. Glenn asserts four assignments of error, arguing that the trial court should have sustained her objection because the magistrate had "erred by valuing Mr. John Greve's hearsay testimony and by not considering the missing witness rule," by "disregarding key evidence," by "not applying the appropriate standard of negligence," and by misstating the record in her ruling. (Brief of Appellant at 5.) White Oak has not filed a brief in response.

{¶ 6} "When reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine whether the trial court abused its discretion in reaching its decision." *Wallace v. Ferguson*, 2012-Ohio-4839, ¶ 23 (5th Dist.),

citing *Wade v. Wade*, 113 Ohio App.3d 414, 419 (11th Dist. 1996). Here, the trial court determined that the magistrate's decision was supported by the evidence, and our "standard of review for manifest weight of the evidence is the same in both criminal and civil cases." *M.F. v. Ohio State Univ. College of Medicine*, 2025-Ohio-4814, ¶ 69 (10th Dist.), citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 17.

> The phrase manifest weight of the evidence relates to persuasion. It concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . Weight is not a question of mathematics, but depends on [the evidence's] effect in inducing belief. In reviewing a judgment under the manifest-weight standard, an appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
>
> In weighing the evidence, an appellate court must always be mindful of the presumption in favor of the finder of fact. This presumption exists because the trier of fact is in the best position to evaluate the evidence by viewing the witnesses and observing their demeanor, voice inflections, and gestures. Nevertheless, despite the presumption favoring the trier of fact, due to the appellate court's role in manifest-weight cases as the thirteenth juror, an appellate court may disagree with the trier of fact's resolution of conflicting evidence when applying the manifest-weight standard of review.

(Internal quotations marks deleted and citations omitted.) *M.F.* at ¶ 69. Here, the magistrate's essential holding (as approved by the trial judge) was that Ms. Glenn had failed to prove her case by a preponderance of the evidence. And our own review of the record indicates that the trial court did not abuse its discretion in adopting this holding, as the magistrate's judgment was not against the manifest weight of the evidence.

{¶ 7} Regarding her first assigned error, we must note that Ms. Glenn did not object to the reception or admission of Mr. John Greve's testimony at any time or on any basis, and the trial record contains no mention of hearsay or the "missing witness rule." Moreover, although Ms. Glenn correctly argues that Mr. John Greve had no firsthand knowledge of the work done on her vehicle and that he was not a mechanic, there is nothing in the magistrate's decision to indicate that she placed any significant value on his

testimony. Notably, the only finding of fact relating to his testimony establishes that the work warranty provided by White Oak is only present on their website, and the magistrate apparently accepted Ms. Glenn's own testimony that she did not receive a copy of the work warranty and was not informed about it. (*See* Mag.'s Decision at 1.)

{¶ 8} Ms. Glenn also contends that "key witnesses were absent from trial." (Brief of Appellant at 16.) She specifically argues that the testimony of David Kuhar and Kevin Meyer—respectively, the mechanic who handled the repair of her auto, and the service adviser who her interactions with White Oak—were required to be present and testify, and that "[a]ccording to the missing witness rule, it can be inferred that their testimony would be unfavorable, which is why they were not present." *Id.* But Ms. Glenn did not subpoena or request the presence of those witnesses, and they were not otherwise obliged to appear at the trial. Ms. Glenn, as the plaintiff, had the burden to prove her case, and if those witnesses were significant as she suggests, she was required to take steps to ensure they testified. Ms. Glenn argues that Kuhar and Meyer were essential to the case, but that is the very point of problem—despite the fact that small claims court is informal and does not require strict adherence to the procedures generally required, there is nothing in that informality to suggest that Ms. Glenn was relieved of the duty to meet her burden of proof. Moreover, she did not request the magistrate to draw any conclusion from the absence of those witnesses. Accordingly, without a subpoena or any argument by Ms. Glenn, we cannot say that the magistrate erred by refusing to draw an adverse inference against White Oak, and because nothing in the record indicates that the magistrate improperly relied upon inadmissible evidence from Mr. John Greve, we overrule her first assignment of error.

{¶ 9} In her second assignment of error, Ms. Glenn argues that the magistrate "disregarded" key evidence. (Brief of Appellant at 18.) But neither the trial evidence nor the magistrate's decision support this claim. Essentially, Ms. Glenn argues that the photographs and other exhibits she provided, establish beyond a preponderance of the evidence that her automobile must necessarily have been damaged while it was in the custody of White Oak, since other work on the car had been done recently and those problems had not been diagnosed prior to the delivery of the car to White Oak. She specifically asserts that she "did not have electrical issues related to the engine ground wire

until after her service," and that the serpentine belt of her car "was replaced on April 5, 2024, 12 days before Ms. Glenn's service" at White Oak. *Id*. at 20.

{¶ 10} But Ms. Glenn's evidence does not necessarily show that White Oak was responsible for the damage to her car. Although Ms. Glenn argued at trial that the ground wire had most likely been accidentally or purposefully cut, based on her own photographs and the other evidence in the record it is just as likely that the wire had been frayed prior to the delivery to White Oak, and the subsequent ground wire problem was the result of the normal wear-and-tear on a car that has been driven over 300,000 miles. Our review of Exhibit 3, Ms. Glenn's photograph of the wire prior to the work by White Oak, does not show the entire wire—the area the fraying occurred is largely obscured, and the visible area of the wire seems as though it is already frayed. Likewise, Ms. Glenn's exhibits do not demonstrate that the condition of the car's oil pan was the result of anything except normal driving, and do not establish that oil pan was undamaged prior to the repair by White Oak. And finally, there is no evidence in the record that the squealing sound of the serpentine belt was caused by any action on the part of White Oak other than Ms. Glenn's own testimony that she did not notice the sound until more than two days after the car had been returned to her, and then only after she turned down the volume of her music so that she could "hear how the car runs." (Apr. 21, 2025 Tr. at 15.) As a result, the trial court did not abuse its discretion in adopting the magistrate's decision on that issue, and we accordingly overrule her second assignment of error.

{¶ 11} In her third assignment of error, Ms. Glenn argues that the magistrate erred by "not applying the appropriate standard of negligence," in that magistrate's decision cited caselaw on negligence that did not arise from auto repairs. (Brief of Appellant at 24.) But again, the issue here is one of proof of causation, and there is limited evidence in the record on that issue. Ms. Glenn argues that "[t]here is causation because Mr. Kuhar had to remove and adjust other parts in the process of installing the compressor and changing the oil," *id*. at 26-27, and that this removal and adjustment was the cause of the damage to her oil pan, serpentine belt, and engine ground wire. But there is very limited evidence in the record as to the normal process of repairing an air conditioner and installing a new compressor in a car—what little evidence there is that supports her claim of causation is the testimony of Ms. Glenn herself, and although she is a savvy and knowledgeable auto owner, she has not

shown that she has any particular knowledge or expertise on these issues. In short, while it is beyond dispute that Ms. Glenn established that there are certain issues with her automobile, the magistrate reasonably concluded that she failed to show by a preponderance of evidence that White Oak was the cause of those issues, and the trial court did not abuse its discretion in overruling her objection to the magistrate's conclusion on this point. Ms. Glenn's third assignment of error is therefore overruled.

{¶ 12} Finally, in her fourth assignment of error, Ms. Glenn argues that the magistrate "misstated the facts of the case" by finding that the air conditioner had been properly repaired, and by failing to include the cost of the air conditioning diagnostic test in its recitation of her prayer for relief. We disagree. The magistrate's decision did not rest on any finding that the air conditioner had been repaired. Instead, it merely observed in the course of its analysis that the reason Ms. Glenn had brought her car to White Oak was for an air conditioning diagnostic and repair. Similarly, the magistrate did not err by failing to list the cost of the air conditioning diagnostic in her damages, as Ms. Glenn failed to show by a preponderance of evidence that she was actually entitled to damages in the first instance.

{¶ 13} In sum on our review of the documents, judgments, record, and brief filed in this case, we believe that it was well within the trial court's discretion to overrule Ms. Glenn's objection and adopt the magistrate's decision. For all the foregoing reasons, we overrule Ms. Glenn's four assignments of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.